

# KEN PAXTON
ATTORNEY GENERAL OF TEXAS

February 16, 2016

The Honorable Natalie C. Koehler
Bosque County Attorney
Post Office Box 215
Meridian, Texas 76665

Opinion No. KP-0067

Re: County responsibilities regarding interstate extradition (RQ-0050-KP)

Dear Ms. Koehler:

You ask which entity, as between a city police department and a county sheriff's office, "bear[s] responsibility for extradition across state lines" in connection with the transportation of a person located outside the State back to Texas pursuant to an arrest warrant.[1] You also ask whether the county, if it is determined to bear this responsibility, may "be reimbursed by the agency who requested the warrant." Request Letter at 1. Based on the limited background information provided, we confine our discussion to (1) the general duty created by an arrest warrant with respect to a person arrested outside the State; and (2) the costs associated with interstate extradition, and we express no opinion regarding the specific circumstances in your case. *See* Request Letter at 1; Email at 1.

The Texas Code of Criminal Procedure article 15.06 provides as follows:

> A warrant of arrest, issued by any county or district clerk, or by any magistrate . . . shall extend to any part of the State; and any peace officer to whom said warrant is directed, or into whose hands the same has been transferred, shall be authorized to execute the same in any county in this State.

TEX. CODE CRIM. PROC. art. 15.06. If a person is arrested in a different county from the one in which the warrant was issued and the person does not post bail as provided in article 15.18 of the Code of Criminal Procedure, the sheriff, after receiving notice, is obligated to "go or send for the arrested person and have the arrested person brought before the proper court or magistrate." *Id.* art. 15.20; *see also id.* arts. 15.18 (procedural requirements for out-of-county arrests), 15.19 (notification to sheriff); Tex. Att'y Gen. Op. No. LO-92-67, at 2 (construing article 15.20 to obligate the sheriff to transport an arrested person back from a distant county even when the

---

[1]Letter from Honorable Natalie C. Koehler, Bosque Cty. Att'y, to Honorable Ken Paxton, Tex. Att'y Gen. at 1 (Sept. 9, 2015), https://www.texasattorneygeneral.gov/opinion/requests-for-opinion-rqs ("Request Letter"); *see also* Email from Honorable Natalie C. Koehler, Bosque Cty. Att'y, at 1 (Oct. 14, 2015) (on file with the Op. Comm.) ("Email").

warrant is obtained by a city police department). The authority to execute an arrest warrant pursuant to article 15.06, however, is applicable only "in this State." TEX. CODE CRIM. PROC. art. 15.06; *see generally Street v. Cherba*, 662 F.2d 1037, 1039 (4th Cir. 1981) ("[g]enerally, an arrest warrant issued in one state may not be lawfully executed in another"). Thus, an arrest warrant, by itself, does not impose a duty on a sheriff or any other peace officer of this State to travel out of state to take custody of the person named in the warrant. Instead, the duty, if any, to take custody in another State is governed by state and federal extradition law.

The interstate extradition of fugitives is controlled by the United States Constitution, federal law, and state law. The Extradition Clause of the U.S. Constitution provides that

> [a] person charged in any State with Treason, Felony, or other Crime, who shall flee from Justice, and be found in another State, shall on Demand of the executive Authority of the State from which he fled, be delivered up, to be removed to the State having Jurisdiction of the Crime.

U.S. CONST. art. IV, § 2, cl. 2. Congress has implemented this constitutional provision in federal law, providing that

> [w]henever the executive authority of any State . . . demands any person as a fugitive from justice, of the executive authority of any State . . . to which such person has fled, and produces a copy of an indictment found or an affidavit made before a magistrate of any State . . . , charging the person demanded with having committed treason, felony, or other crime, certified as authentic by the governor or chief magistrate of the State . . . from whence the person so charged has fled, the executive authority of the State . . . to which such person has fled shall cause him to be arrested and secured, and notify the executive authority making such demand, or the agent of such authority appointed to receive the fugitive, and shall cause the fugitive to be delivered to such agent when he shall appear. If no such agent appears within thirty days from the time of the arrest, the prisoner may be discharged.

18 U.S.C. § 3182. With respect to costs, Congress has provided that "[a]ll costs or expenses incurred in any extradition proceeding in apprehending, securing, and transmitting a fugitive shall be paid by the demanding authority." *Id.* § 3195.

The State of Texas has further implemented the Extradition Clause through general extradition provisions as well as through the adoption of the Uniform Criminal Extradition Act ("UCEA"), both located in chapter 51 (Fugitives from Justice) of the Code of Criminal Procedure. *See generally* TEX. CODE CRIM. PROC. arts. 51.01–.14. Pursuant to chapter 51, the Governor may make a demand for the return of a fugitive from another State and assign a person to transport the individual back to Texas, who may then be compensated for his services. For example, under the general provisions,

> [w]hen the Governor deems it proper to demand a person who has committed an offense in this State and has fled to another State, he may commission any suitable person to take such requisition. The accused, if brought back to the State, shall be delivered up to the sheriff of the county in which it is alleged he has committed the offense.

*Id.* art. 51.09. The general provisions contemplate two alternate sources for compensation:

> Sec. 1. The officer or person so commissioned shall receive as compensation the actual and necessary traveling expenses upon requisition of the Governor to be allowed by such Governor and to be paid out of the State Treasury upon a certificate of the Governor reciting the services rendered and the allowance therefor.

> Sec. 2. The commissioners court of the county where an offense is committed may in its discretion, on the request of the sheriff and the recommendation of the district attorney, pay the actual and necessary traveling expenses of the officer or person so commissioned out of any fund or funds not otherwise pledged.

*Id.* art. 51.10; *see also* Tex. Att'y Gen. Op. Nos. V-587 (1948) at 3–4 (construing identical language from the predecessor to article 51.10 and explaining that payment under section 1 is "an obligation of the State" but that "should the State refuse . . . then the Commissioners Court may in its discretion pay . . . in accordance with Section 2"); V-525 (1948) at 4 (construing the same and noting that the discretion of the commissioners court to pay travel expenses is conditional on the agent having been appointed by the Governor pursuant to statute). Similarly, under the UCEA:

> Whenever the Governor of this State shall demand a person charged with crime . . . in this State, from the Executive Authority of any other State . . . he shall issue a warrant under the state seal, to some agent, commanding him to receive the person so charged if delivered to him and convey him to the proper officer of the county in this State in which the offense was committed, or in which the prosecution for such offense is then pending.

> . . .

> In all cases of extradition, the commissioners court of the county where an offense is alleged to have been committed, or in which the prosecution is then pending may in its discretion, on request of the sheriff and the recommendation of the prosecuting attorney, pay the actual and necessary expenses of the officer or person commissioned to receive the person charged, out of any county fund or funds not otherwise pledged.

TEX. CODE CRIM. PROC. art. 51.13 §§ 22, 24. Neither the general provisions nor the UCEA provisions establish any particular eligibility requirements, other than, in the case of article 51.09, that the person be "suitable," to be appointed as the Governor's agent to receive and return a fugitive from another State. *Id.* art. 51.09.

With regard to your specific question about the duty to transport an arrestee in this case, you provide no further information regarding who was named as the Governor's agent or the manner in which the extradition was carried out. Thus, we can advise only generally that the person with the responsibility to transport an out-of-state arrestee back to the county in which the offense was allegedly committed is the person so commissioned by the Governor in the extradition requisition. With regard to the reimbursement of expenses, the designation of the Governor's agent must necessarily precede a determination of who is responsible for reimbursement of that agent's travel expenses. Thus, under the limited facts presented, we cannot advise about any reimbursement of expenses beyond what is provided under articles 51.10 and 51.13, section 24, of the Code of Criminal Procedure.

**S U M M A R Y**

Pursuant to articles 51.09 and 51.13 of the Code of Criminal Procedure, a person commissioned by the Governor in an extradition requisition to receive and return an out-of-state arrestee back to the county in which an offense was allegedly committed has the duty to carry out that responsibility. The actual and necessary expenses of a person so commissioned may be paid pursuant to article 51.10 or article 51.13, section 24, of the Code of Criminal Procedure.

Very truly yours,

KEN PAXTON
Attorney General of Texas

CHARLES E. ROY
First Assistant Attorney General

BRANTLEY STARR
Deputy Attorney General for Legal Counsel

VIRGINIA K. HOELSCHER
Chair, Opinion Committee

BECKY P. CASARES
Assistant Attorney General, Opinion Committee